IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JEROME R. MELTON, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 109-035 |
| | ) | |
| DAVID FRAZIER, Warden, and | ) | |
| THURBERT BAKER, Attorney General | ) | |
| for the State of Georgia,[1] | ) | |
| | ) | |
| Respondents. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner filed the above-captioned case pursuant to 28 U.S.C. § 2254. The matter is before the Court on Respondents' motion to dismiss the petition as untimely and motion to dismiss Attorney General Baker as an improper party Respondent. (Doc. nos. 6, 7). Petitioner has filed a response opposing these motions. (See doc. no. 12). For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Respondents' motion to dismiss Attorney General Baker and motion to dismiss the petition as untimely be **GRANTED**, that Attorney General Baker be **DISMISSED** as an improper Respondent, that this case be **DISMISSED**, and that this civil action be **CLOSED**.

---

[1] The Court takes judicial notice that David Frazier is the current Warden of Hancock State Prison, where Petitioner was transferred during the pendency of this petition. Accordingly, the Clerk is **DIRECTED** to substitute Mr. Frazier as the proper party Respondent in the case.

## I. BACKGROUND

In July 1983, Petitioner was convicted in the Superior Court of Richmond County of felony murder, possession of a firearm by a convicted felon, and attempted armed robbery. (Doc. no. 6, p. 5). Petitioner was sentenced to five years of imprisonment for possession of a firearm, to be served consecutively to a life term of imprisonment for felony murder. (Id.). The attempted armed robbery conviction merged with the other convictions for purposes of sentencing. (Id.). Petitioner's convictions were affirmed on direct appeal by the Supreme Court of Georgia on July 16, 1984. Melton v. State, 317 S.E.2d 839, 841 (Ga. 1984).

Petitioner then filed a petition for a writ of habeas corpus in the Superior Court of Wilcox County on April 1, 1999. (Doc. no. 8, Ex. 1). In his state habeas petition, Petitioner claimed that (1) his trial and appellate counsel were ineffective; (2) he was denied a copy of his trial transcript; and (3) the trial court gave an incorrect charge to the jury. (Id. at 4). Following an evidentiary hearing, the state habeas court denied Petitioner relief on May 12, 2000.[2] (Id., Ex. 2).

Petitioner filed the instant petition for a federal writ of habeas corpus on March 13, 2009,[3] raising the following claims as grounds for relief: (1) trial counsel was ineffective for "abandoning" Petitioner's motion for new trial and failing to provide Petitioner with a complete transcript prior to filing an appeal; (2) appellate counsel somehow denied him the

---

[2]There is nothing in the record to demonstrate that Petitioner filed for a certificate of probable cause to appeal the state court's denial of his habeas petition. (Doc. no. 6, p. 6).

[3]Respondents were directed to answer Petitioner's allegations, despite the fact that Petitioner was convicted 26 years prior to the filing of his federal petition, as Petitioner conveniently omitted the relevant dates concerning his state habeas proceedings from his federal petition. (See doc. no. 4).

2

right to appellate review; and (3) his rights under the Fifth, Sixth, and Fourteenth Amendments have been violated because of "an inordinate delay" in the appellate process. (Doc. no. 1, p. 7). Respondents submit that Attorney General Baker should be dismissed as an improper party Respondent and that the instant petition is untimely. (See doc. nos. 6, 7).

## II. DISCUSSION

### A. Improper Respondent

To begin, the Court finds that Attorney General Baker is an improper Respondent and should be dismissed. Pursuant to 28 U.S.C. § 2242, an application for a writ of habeas corpus shall allege the name of the person having custody over a petitioner. Furthermore, Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts states that for habeas petitioners who are currently in the custody of the state, "the petition must name as respondent the state officer who has custody." The Advisory Committee Notes to Rule 2 explain that the state officer having custody of the petitioner, often a prison warden, is the appropriate respondent when a petitioner is seeking relief from a sentence for which he is currently incarcerated. The Notes further explain that the state Attorney General is an appropriate party respondent when the petitioner is attacking a sentence which will be carried out in the future or for which the petitioner is not incarcerated, on probation, or on parole. As another federal court has explained, "[T]he only proper respondent in a collateral attack is the petitioner's custodian. . . . If the petitioner is in prison, the warden is the right respondent. . . . A state's attorney general is a proper party only if the petitioner is not then confined, but expects to be taken into custody." Hogan v. Hanks, 97 F.3d 189, 190 (7th Cir. 1996).

3

As Petitioner is challenging the sentence for which he is currently incarcerated, Attorney General Baker is not a proper Respondent in this action. Accordingly, the Court **REPORTS** and **RECOMMENDS** that Respondents' motion to dismiss Attorney General Baker be **GRANTED**. (Doc. no. 7).

B.   **Timeliness of Petition**

The Court now turns to the issue of the timeliness of Petitioner's federal petition for a writ of habeas corpus. Effective April 24, 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, amended the statute governing habeas corpus petitions for state prisoners seeking relief in the federal courts. In pertinent part, 28 U.S.C. § 2244 provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

4

### 1. Finality of Petitioner's Conviction

Under 28 U.S.C. § 2244(d)(1)(A), a judgment becomes final upon "the conclusion of direct review or the expiration of the time for seeking such review." Here, Petitioner filed a direct appeal with the Georgia Supreme Court, and his convictions were affirmed on July 16, 1984. Melton, 317 S.E.2d at 841. Petitioner did not file a petition for a writ of certiorari in the United States Supreme Court within the ninety day time limit set by United States Supreme Court Rule 13(1). Thus, his conviction became "final" when the ninety day time period for filing a petition for a writ of certiorari expired. See Nix v. Sec'y for Dep't of Corr., 393 F.3d 1235, 1236-37 (11th Cir. 2004). Accordingly, Petitioner's conviction became final in October 1984, prior to the April 1996 enactment of the AEDPA.

### 2. Application of the Statute of Limitations

Of key interest here, in the Eleventh Circuit, petitions filed after the enactment date of the AEDPA but attacking convictions which became final prior to that date are subject to a bright-line rule. Wilcox v. Florida Dep't of Corr., 158 F.3d 1209, 1211 (11th Cir. 1998) (*per curiam*). Prisoners whose convictions became final prior to the effective date of the AEDPA must be given a reasonable time after the statute's enactment to file their motions for habeas corpus relief, and "a reasonable period is until April 23, 1997, one year from the date of enactment of § 105 of the AEDPA." Id. (quoting Goodman v. United States, 151 F.3d 1335, 1337 (11th Cir. 1998)). Thus, prisoners seeking federal habeas corpus relief from a conviction

5

which became final prior to April 24, 1996 must have filed their petition in federal court by April 23, 1997, one year after the effective date of the AEDPA.

Petitioner did not bring the instant federal petition until March 2009, almost twelve years too late. However, the Court recognizes that according to 28 U.S.C. § 2244(d)(2), the one-year statute of limitations does not run while a properly filed application for collateral review is pending in state court. Jones v. Nagle, 349 F.3d 1305, 1307 (11th Cir. 2003). Nevertheless, by the time Petitioner filed his state habeas petition in April 1999, the one-year statute of limitations for filing a federal petition had long since expired. Therefore, this statutory tolling provision of the AEDPA is of no help to Petitioner because he did not commence state habeas proceedings until after the one-year period had expired for filing a federal habeas petition. Therefore, no time period remains to be tolled. Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004) ("[O]nce a deadline has expired, there is nothing left to toll. A state court filing after the federal habeas filing deadline does not revive it.") (citing Moore v. Crosby, 321 F.3d 1377, 1381 (11th Cir. 2003)).

The AEDPA also describes three other situations which may delay or reset the one-year statute of limitations clock: where there is a newly discovered factual predicate for a petitioner's claim which could not have been discovered earlier through the exercise of due diligence, where the State has created some "impediment" to filing the application, or where the petitioner asserts a right that has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. 28 U.S.C. § 2244(d)(1)(B), (C), and (D) (quoted *supra*). In his response to Respondents' motion to dismiss, Petitioner alleges that he has only recently discovered that his former trial counsel was using drugs and

involved in drug trafficking while he was representing Petitioner. (Doc. no. 12, p. 1). However, Petitioner does not provide proof of these allegations, except to state that such proof will be forthcoming. (Id. at 2). Nor does he explain why he discovered this alleged misconduct only recently when he was convicted approximately 26 years ago. As a result, Petitioner's allegation of a "newly discovered factual predicate" for his claims does not operate to statutorily toll the AEDPA's one-year statute of limitations.

In his petition, Petitioner also alludes to a state-created impediment, inasmuch as he states that there was an inordinate delay in the appellate process.[4] However, the Court finds that this assertion is insufficient to delay or reset the one-year limitations period. Petitioner was convicted and sentenced in July 1983, and those convictions and sentences were affirmed only a year later in July 1984. The Court is not convinced that one year between conviction and conclusion of direct appellate review constitutes "an inordinate delay," and thus Petitioner's allegation does not provide a basis for statutory tolling of the one-year statute of limitations. As Petitioner has presented no reason to suppose that a right newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review applies to this case, none of the provisions of § 2244(d)(1) provide a valid statutory ground for extending the one-year statute of limitations.

---

[4]The Court also recognizes Petitioner's assertion that he has never received a copy of his trial transcript, which he contends prevented him from pursuing his claims. (Doc. no. 1, p. 7). Notably, however, Petitioner does not state that he made any effort to obtain his transcript from the state. Rather, he blames his former counsel, not the state court or some other state agency, for failing to provide him with a copy of his trial transcript. (See id.). Accordingly, these allegations do not establish that a *state*-created impediment prevented the timely filing of his federal habeas petition.

7

### 3. Equitable Tolling and Claims of Actual Innocence

Of course, the untimeliness of the instant petition under the provisions of the AEDPA may be "excused" if Petitioner demonstrates that he is entitled to equitable tolling. Equitable tolling can be applied to prevent the application of the AEDPA's statutory deadline, if a petitioner can "show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 336 (2007) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Nevertheless, equitable tolling is typically applied sparingly, Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000), and is available "only in truly extraordinary circumstances." Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003). The petitioner bears the burden of proving his entitlement to equitable tolling, Jones v. United States, 304 F.3d 1035, 1040 (11th Cir. 2002), and will not prevail based upon a showing of either extraordinary circumstances or diligence alone; the petitioner must establish both. Arthur v. Allen, 452 F.3d 1234, 1252 (11th Cir. 2006) (citing Pace, 544 U.S. at 418-19).

Moreover, a claim of actual innocence may warrant consideration of an otherwise untimely federal petition. Wyzykowski v. Dep't of Corr., 226 F.3d 1213, 1218-19 (11th Cir. 2000). The Eleventh Circuit has described the actual innocence exception as follows:

> This exception is exceedingly narrow in scope, as it concerns a petitioner's "actual" innocence rather than his "legal" innocence. See Calderon v. Thompson, 523 U.S. 538, 559, 118 S. Ct. 1489, 1502-03, 140 L. Ed.2d 728 (1998); Murray [v. Carrier], 477 U.S. [478,] 495-96, 106 S. Ct. at 2649 (explaining that a "fundamental miscarriage of justice" occurs "in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent"). To meet this standard, a petitioner must "show that it is more likely than not that no reasonable juror would have convicted him" of the underlying offense. Schlup v. Delo, 513

8

U.S. 298, 327, 115 S. Ct. 851, 867, 130 L. Ed.2d 808 (1995). In addition, "'[t]o be credible,' a claim of actual innocence must be based on reliable evidence not presented at trial." Calderon, 523 U.S. at 559, 118 S. Ct. at 1502-03 (quoting Schlup, 513 U.S. at 324, 115 S.Ct. at 865) (explaining that "[g]iven the rarity of such evidence, in virtually every case, the allegation of actual innocence has been summarily rejected" (internal quotation marks omitted)).

Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001).

Petitioner presents several situations that he contends qualify as "extraordinary circumstances" that entitle him to equitable tolling, and the Court discusses each one in turn. As noted above, Petitioner has alleged that there was an inordinate delay in the appellate process. However, the Court rejects this argument as a basis for equitable tolling for the same reasons it rejected this argument as a basis for statutory tolling. See *supra* pp. 6-7. The Court also recognizes Petitioner's assertion, as discussed in note 4 above, that his attorney did not provide him with a copy of his trial transcript. To the extent Petitioner may be asserting that this is an extraordinary circumstance that entitles him to equitable tolling, attorney negligence is generally no basis for equitable tolling. See Holland v. Florida, 539 F.3d 1334, 1339 (11th Cir. 2008) (finding that allegations regarding the failure of the petitioner's attorney to communicate with his client were insufficient to entitle the petitioner to equitable tolling, absent "an allegation and proof of bad faith, dishonesty, divided loyalty, mental impairment, or so forth" on the part of the attorney). Nor does Petitioner explain why he did not attempt to obtain his transcript from another source. Accordingly, the Court rejects this argument as a basis for equitable tolling.

As discussed above with respect to statutory tolling, Petitioner further alleges that his attorney was using drugs and involved in drug trafficking at the time he represented

9

Petitioner. (Doc. no. 12, p. 1). However, in making this allegation, Petitioner appears to be attempting to add another claim of ineffective assistance of counsel to his petition; he makes no effort to demonstrate how this alleged misconduct by his attorney affected the timeliness of his petition. In any event, Petitioner has presented no proof of the alleged misconduct, much less its connection to Petitioner's case, and simply states that such proof will be forthcoming. (Id. at 2). In the absence of any *proof* of misconduct, such allegations do not demonstrate the level of attorney negligence required to qualify as an extraordinary circumstance. See Holland, 539 F.3d at 1339 (noting that in order to demonstrate that attorney negligence qualifies as extraordinary circumstance, a petitioner must present "an allegation *and proof* of bad faith, dishonesty, divided loyalty, mental impairment, or so forth" on the part of the attorney (emphasis added)).

Finally, the Court notes Petitioner's argument that his incarceration "operates as a huge impediment" and puts him at a "huge disadvantage" in prosecuting his claims. (Doc. no. 12, p. 2). To the extent Petitioner may be arguing that his incarceration is an extraordinary circumstance entitling him to equitable tolling, the Court finds this argument unavailing. Though the Eleventh Circuit has not addressed this issue, those courts to do so have found that a petitioner's status as an incarcerated litigant does not amount to an extraordinary circumstance that warrants equitable tolling. See Johnson v. McCaughtry, 265 F.3d 559, 566 (7th Cir. 2001) (declining to find that a petitioner's incarcerated status was an extraordinary circumstance justifying equitable tolling because "habeas relief, by definition, is almost always sought by an incarcerated petitioner"); Gant v. Goord, 430 F. Supp. 2d 135, 139 (W.D.N.Y. 2006) (noting that "the difficulties attendant on prison life . . . do not by

10

themselves qualify as extraordinary circumstances").[5] Accordingly, the Court determines that Petitioner's status as an incarcerated litigant does not qualify as an extraordinary circumstance for purposes of equitable tolling.

That said, even if the Court were to conclude that any of the situations discussed above qualified as an extraordinary circumstance, equitable tolling requires a showing of both extraordinary circumstances and due diligence, Arthur, 452 F.3d at 1252 (citing Pace, 544 U.S. at 418-19), and Petitioner has not set forth any details showing that he has diligently pursued his rights. Finally, Petitioner has failed to argue or provide any evidence suggesting that he can meet the stringent standard necessary to trigger the actual innocence exception. Therefore, neither equitable tolling nor the actual innocence exception are available to extend the AEDPA's one-year statute of limitations.

In sum, because (1) Petitioner's conviction became final in 1984, but the above-captioned petition was filed after April 23, 1997, (2) Petitioner has not pointed to any other valid statutory ground for extending the deadline for filing his federal petition, and (3) Petitioner has not satisfied the requirements for equitable tolling, nor has he presented any arguments to support a claim of actual innocence, Petitioner's § 2254 petition is time-barred by the AEDPA's one-year statute of limitations. Accordingly, Respondents' motion to dismiss the petition as untimely should be **GRANTED**. (Doc. no. 6).

---

[5]However, two unpublished district court opinions from the Northern District of Florida have found that a litigant's incarcerated status did not qualify as an extraordinary circumstance justifying equitable tolling. See United States v. Thomas, No. 401-CR-69, 2007 WL 624538, at *5 (N.D. Fla. Feb. 22, 2007); Green v. Fla. Dep't of Corr., No. 405-CV-483, 2006 WL 1751717, at *1 (N.D. Fla. June 21, 2006).

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Respondents' motion to dismiss Attorney General Baker and motion to dismiss the petition as untimely be **GRANTED**, that Attorney General Baker be **DISMISSED** as an improper Respondent, that this case be **DISMISSED**, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 29th day of July, 2009, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE